UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50094 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S SECOND |
| | ) | MOTION FOR |
| VERNON MOVES CAMP, | ) | RECONSIDERATION OF |
| | ) | PRETRIAL RELEASE |
| Defendant. | ) | [DOCKET NO. 47] |

## INTRODUCTION

Pending before the court is a motion by Vernon Moves Camp. Part of Mr. Moves Camp's motion seeks this court's reconsideration of the detention order previously entered in this case on the basis that he is not a flight risk and that he does not pose a danger to any person or to the community. Mr. Moves Camp's motion also asserts the argument that he should be released because no evidence, or inadequate evidence, supports the indictment against him. The court addresses each of these arguments in turn.

## DISCUSSION

**A.   Flight Risk and Danger to the Community**

This is the third time this court has been called upon to consider whether Mr. Moves Camp should be released pending his trial in this matter. The first time this court was asked to make this determination was at

Mr. Moves Camp's initial appearance and arraignment on the indictment. Then, this court was called upon to make the determination again upon Mr. Moves Camp's filing of a motion for reconsideration.  The court, on these previous occasions, determined that no condition or combination of conditions would ensure that Mr. Moves Camp returned for future court appearances and that no such conditions would ensure the safety of the community.  A jury trial on this case has been scheduled for January 2, 2008, before the district court. The court reaches the same conclusion on the instant motion that it reached on two prior occasions–that Mr. Moves Camp should be detained pending his trial.

In the current motion, Mr. Moves Camp proposes to live in Rapid City, South Dakota, in a "temporary residence."  He does, however, propose to continue his job with the Oglala Sioux Tribe, which would require Mr. Moves Camp to travel to Pine Ridge Village.  Furthermore, on this occasion as well as two prior hearings the court has held with Mr. Moves Camp, he has expressed his belief that the federal court has no valid jurisdiction over him because he is a Native American.  On a previous occasion, Mr. Moves Camp explained to the court that he absconded from state charges against him in South Dakota state court (giving rise to a felony escape conviction), because it was his belief that the South Dakota state courts did not have valid jurisdiction over him.

The reasons for the court's decision to continue Mr. Moves Camp's detention until his trial are as follows. Mr. Moves Camp faces an indictment in this case of forcibly raping a woman. Because the grand jury rendered this indictment, the court must accept that there is probable cause to support the indictment. In addition, Mr. Moves Camp has several prior criminal convictions, including convictions for simple assault, larceny, aggravated assault, first degree robbery, habitual offender, and a felony escape charge. Also, the pretrial release report prepared in this case indicates that Mr. Moves Camp has been under supervision in the past and was subsequently discharged unsatisfactorily. Mr. Moves Camp indicates that he will reside in Rapid City in a temporary residence if the court releases him, but there is no evidence in the record that Mr. Moves Camp has any ties to the Rapid City community. Furthermore, Mr. Moves Camp previously absconded from state charges because he felt the prosecuting authority lacked jurisdiction over him and, in this case, Mr. Moves Camp similarly believes that the prosecuting authority lacks jurisdiction over him. Finally, Mr. Moves Camp's proposed release would still require his presence in Pine Ridge Village, the center of tribal business on the Pine Ridge Indian Reservation. Pine Ridge Village is somewhat close to the victim's home town, but more importantly, because of the status of Pine Ridge Village as the center of tribal government, there is reason to believe that the victim would have to travel to Pine Ridge Village from time to time. For

all these reasons, the court finds that no condition or combination of conditions will secure Mr. Moves Camp's appearance at future court dates nor ensure the safety of the community.

**B.     Validity of the Indictment**

The hand-written portion of Mr. Moves Camp's motion suggests that he should be released pending his trial in this matter because the indictment is not supported by adequate evidence. Under Federal Rule of Criminal Procedure 12(b)(2), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Id. A pretrial motion is not the proper method for raising objections that will require the trial of the general issue, including evidentiary questions. United States v. Knox, 396 U.S. 77, 84 n.7 (1969). A pretrial motion, thus, may not challenge an indictment on the ground that it is not supported by adequate evidence. United States v. Calandra, 414 U.S. 338, 345 (1974); United States v. Gunter, 631 F.2d 583, 586 (8th Cir. 1980).

In Gunter, the defendant moved the court to dismiss the indictment, arguing that none of the witnesses before the grand jury identified him as the perpetrator of the crimes under investigation, and thus, he argued, the grand jury did not have probable cause to issue the indictment. Gunter, 631 F.2d at 586. The court held that when an indictment is valid on its face, the defendant

may not challenge the indictment on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. Id.

Here, as in Gunter, Mr. Moves Camp moves the court to dismiss the indictment on the basis that there is insufficient evidence to support the indictment. As held in Gunter, an indictment valid on its face cannot be challenged by a pretrial motion on the ground that it is not supported by adequate evidence. Id.

Mr. Moves Camp's motion to dismiss does not allege that the indictment is invalid on its face or that there were any legal problems with the constitution of the grand jury. If an indictment is regular on its face and returned by a legally constituted grand jury, it is presumed to be founded on competent evidence. United States v. West, 549 F.2d 545, 554 (8th Cir. 1977). Moreover, it is improper to move the court pretrial to dismiss an indictment on the basis that it is not supported by sufficient evidence. Calandra, 414 U.S. at 345; Gunter, 631 F.2d at 586.

Validity or invalidity of the indictment is not among the factors a court may consider in granting or denying bond for pretrial release. See 18 U.S.C. § 3142. Rather, the court is restricted to considering factors relevant to risk of flight and danger to the community such as: nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the persons, including the person's character, physical

and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, criminal history, record concerning court appearances, and nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g). As discussed above, based on these factors, the court has concluded that Mr. Moves Camp should be detained. In addition, the court notes that Mr. Moves Camp previously filed a motion to dismiss [Docket No. 14], and the district court denied the motion. [Docket No. 24].

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Mr. Moves Camp's Second Motion for Pretrial Release [Docket No. 47] is denied. The defendant may appeal this order to the district court pursuant to 18 U.S.C. § 3145(b).

Dated December 3, 2007.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE